IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EDNA MARIE SIMS**                                                                                **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:13cv251-KS-MTP**

**SAM'S EAST, INC.**                                                             **DEFENDANT**

**OPINION AND ORDER**

This matter is before the Court *sua sponte* and upon the Defendant Sam's East, Inc.'s Motion to Dismiss for Failure to Prosecute [20]. For the reasons stated below, the Court finds that the motion should be granted in part and denied in part, and that the Plaintiff's claims should be dismissed without prejudice.

On August 6, 2014, the Court granted the motion of Plaintiff's counsel to withdraw as counsel of record. The Order [19] directed the Plaintiff Edna Marie Sims to obtain substitute counsel or advise the Court in writing by September 5, 2014, that she intended to proceed without an attorney. The Court also advised Plaintiff that her failure to respond to the Order by September 5, 2014, or to otherwise prosecute this case could result in the dismissal of the action. Plaintiff failed to comply with the Order.

On September 9, 2014, Defendant filed its Motion to Dismiss for Failure to Prosecute [20]. Defendant argues that the Plaintiff's claims should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

On September 11, 2014, the Court entered its Order to Show Cause [21]. This Order [21] directed the Plaintiff to file a written statement with the Clerk of Court on or before September 26, 2014, setting forth why the case should not be dismissed for failure to comply with the Court's prior order. Plaintiff was further directed to obtain

substitute counsel or advise the Court in writing on or before September 26, 2014, that she intended to proceed *pro se.* The Court also ordered the Plaintiff to file a written response to the Motion to Dismiss for Failure to Prosecute [20] on or before September 26, 2014. Finally, Plaintiff was advised that her failure to comply with any of the Court's directives could result in the action being dismissed without further notice. The Plaintiff failed to comply with this Order [21].

The record in this case is clear that Plaintiff has failed to comply with two Court Orders, including an Order to Show Cause. In addition, Plaintiff has failed to respond to Defendant's Motion to Dismiss for Failure to Prosecute [20], or otherwise prosecute this case since the Court permitted her legal counsel to withdraw. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988). The Court must be able to clear its calendar of cases that remain dormant due to the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious determination of actions. *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Based on the record in this action, the Court concludes that dismissal under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and failure to comply with the orders of the Court is proper. *See Quaak v. Texas*, 515 Fed. Appx. 315, 316 (5th Cir. 2013) (affirming

dismissal based on a *pro se* litigant's failure to prosecute and comply with a court order); *Larson*, 157 F.3d at 1032 (same).

The Court also determines that the dismissal of the Plaintiff's claims should be without prejudice. The Fifth Circuit has recognized "that dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995)). "[D]ismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citation and internal quotation marks omitted). Dismissal *without* prejudice is a lesser sanction in the Fifth Circuit. *See Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citing *McCullough*, 835 F.2d at 1127). Assuming *arguendo* the existence of contumacious conduct on the part of the Plaintiff or a clear record of delay, the Court is unconvinced that the lesser sanction of dismissal without prejudice would prove futile or have no deterrent effect. Furthermore, the Court has not considered the merits of the Plaintiff's claims and it appears the litigation had stalled at written discovery when Plaintiff's counsel was permitted to withdraw. *Cf. West v. Ford Motor Co.*, No. 2:13cv173, 2014 WL 1569565, at *2 (S.D. Miss. Apr. 17, 2014) (finding dismissal without prejudice to be appropriate where there were no substantive proceedings on the plaintiff's claims and the merits of the action went unaddressed).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Sam's East, Inc.'s Motion to Dismiss for Failure to Prosecute [20] is granted in part and denied in

part.  Plaintiff's claims are dismissed without prejudice.  A separate final judgment will issue in accordance with Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is directed to mail the Plaintiff a copy of this order and the accompanying judgment at her address listed on the docket.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE